IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOMINICK STERN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-826-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Dominick Stern, TDCJ-ID #690425, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On November 2, 1994, a jury found petitioner, a juvenile tried as an adult, guilty of the apparent gang-related murder of Anthony Garrett in the Criminal District Court Number Three of Tarrant County, Texas, and assessed his punishment at 75 years' imprisonment. (02State Habeas R. at 19)[1] Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and, on November 6, 1996, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (02State Habeas R. at 21-32) *Stern v. State*, PDR No. 994-96. Petitioner did not seek writ of certiorari; thus, his conviction became final ninety days later on February 4, 1997, when his time for filing a petition for writ of certiorari expired. (Pet. at 3) *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

Petitioner also filed three state applications for writ of habeas corpus challenging his conviction. The first, filed on November 18, 2010, was denied without written order by the Texas Court of Criminal Appeals, and the second and third were dismissed as subsequent applications. (02State Habeas R. at cover; 03State Habeas R. at cover; 04State Habeas R. at cover) TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2010). This federal petition for writ of habeas corpus is deemed filed on November 21, 2011. *Spotville v. Cain*, 149 F.3d 374-378 (5th Cir. 1998). As directed, respondent has filed a preliminary response addressing only the issue of limitations, to which petitioner did not file a timely reply.

---

[1]"02State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,179-02; "03State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,179-03; "04State Habeas R." refers to the record in petitioner's state habeas application no. WR-75,179-04.

2

D. Issues

Petitioner raises the following grounds for habeas relief:

(1) "Prosecutorial misconduct on a *Batson* violation;
(2) Ineffective assistance of counsel tied to a constitutional error at trial; and
(3) Miscarriage of justice due to petitioner['s] parents never sign[ed] or gave rights [to] proceed as an adult."

(Pet. at 7)

E. Rule 5 Statement

Respondent contends that the petition is time-barred under the federal statute of limitations.

(Resp't Prel. Resp. at 4-8)

F. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A),[2] applicable to this case, petitioner's conviction became final and the one-year limitations period began to run on February 4, 1997, and expired one year later on February 4, 1998, absent any applicable tolling.

Petitioner's state habeas applications, filed after the statute of limitations had already expired, do not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[2] Petitioner asserts his family will present "new evidence" establishing his actual innocence, arguably triggering subsection (d)(1)(D) or warranting equitable tolling. (Pet. at 7) However, he presents no affidavits or other evidence regarding the nature of the "new evidence" or why he could not have secured the evidence within the last fourteen-plus years. Further, the Fifth Circuit has held that claims of actual innocence do not justify equitable tolling of the limitations period. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

Petitioner did not reply to respondent's preliminary response, and nothing in the record suggests that he was actively misled by a party or prevented in some extraordinary way from asserting his rights.

Petitioner's federal petition was due on or before February 4, 1998, and his petition filed on November 21, 2011, is untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be DISMISSED as untimely.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 30, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

he was actively misled by a party or prevented in some extraordinary way from asserting his rights.

Petitioner's federal petition was due on or before February 4, 1998, and his petition filed on November 21, 2011, is untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be DISMISSED as untimely.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 30, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 30, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April ___9___, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6